IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL PARKER                                                                                          PLAINTIFF

vs.                                            Civil No. 6:20-cv-06090

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                                  DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael Parker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.   **Background:**

Plaintiff protectively filed his disability applications on April 25, 2018.  (Tr. 56).  In his applications, Plaintiff alleges being disabled due to lower back problems and a broken left leg. (Tr. 261).   Plaintiff alleges an onset date of September 30, 2017.  (Tr. 56).  His applications were denied initially and again upon reconsideration.  (Tr. 189-195, 200-205).

Plaintiff requested an administrative hearing on his denied applications, and this hearing

request was granted. (Tr. 106-132). This hearing was held on August 30, 2019 in Hot Springs, Arkansas. (Tr. 106-132). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* At this hearing, Plaintiff testified he was fifty (50) years old, which places him in the classification of "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) and 20 C.F.R. § 416.963(d) (2008). (Tr. 111). Plaintiff also testified he had completed the eleventh grade in school but had not obtained his GED. (Tr. 114).

On October 7, 2019, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 56-69). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 58, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 30, 2017, his alleged onset date. (Tr. 58, Finding 2). The ALJ determined Plaintiff had the following severe impairments: heart issues; degenerative disc disease (DDD) of the lumbar spine; L5 nerve root impingement; fracture in his left leg above the ankle (but improved); diabetes mellitus (DM); obesity; depression; and anxiety. (Tr. 58-59, Finding 3).

The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 59-60, Finding 4). In making this determination, the ALJ found as follows:

> After a thorough review of the evidence, the undersigned finds no evidence to show the existence of any impairment that meets the criteria of any of the listed impairments described in Appendix 1 of the Regulations (20 CFR, Part 404, Subpart P, Appendix 1, Regulations No. 4).

(Tr. 59).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 60-67, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant has the ability to lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, with the ability to sit 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to stand and/or walk 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period). He can occasionally climb, crouch, kneel, stoop and/or crawl, but should avoid balancing. He can also occasionally reach overhead.
>
> Furthermore, the claimant would experience mild to moderate pain symptoms with use of over the counter or prescription medicines. He would require work that is unskilled and rote in nature, where he can understand, carry out and remember concrete instructions and in which contact with supervisors, co-workers and the public is superficial. Thus, the claimant would have the ability to briefly meet-greet others, make change and give simple instructions or directions.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 67, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 68, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a machine operator (unskilled, light) with approximately 180,000 such jobs in the nation and as a cleaner (unskilled, light) with approximately 220,000 such jobs in the nation. (Tr. 68, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ

determined Plaintiff had not been under a disability, as defined in the Act, at any time from September 30, 2017 through the date of his decision or through October 7, 2019. (Tr. 69, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 2-7). On June 26, 2020, the Appeals Council denied this request for review. *Id.* On August 26, 2020, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 24, 32. Plaintiff has also filed a reply brief in this matter. ECF No. 33. This matter is now ripe for consideration.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least

one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 24. Specifically, Plaintiff raises two claims for reversal: (1) the

ALJ committed reversible error in failing to find his nerve root impingement met or medically equaled the criteria for Listing 1.04(A); and (2) the ALJ erred by failing to properly evaluate his subjective complaints. *Id.* Upon review, the Court finds the ALJ's evaluation of the Listings (specifically Listing 1.04(A)) is not supported by substantial evidence in the record; thus, the Court will only address this issue.

The listing at issue in this case is Listing 1.04(A): "Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord." To meet Listing 1.04(A), Plaintiff must also make a demonstration of the following: "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising tests (sitting and supine)."

In the present action, the ALJ found Plaintiff suffers from the severe impairment of degenerative disc disease of the lumbar spine. (Tr. 58, Finding 3). The ALJ also found Plaintiff suffered from a "nerve root impingement." *Id.* Plaintiff's medical records demonstrate he has limited range of motion in his spine (Tr. 511, 515, 517, 563, 589, 600). The records also demonstrate Plaintiff has sensory or reflex loss (Tr. 602, 1219) and muscle weakness (Tr. 572, 574, 577-78).

As outlined above, in his assessment of Plaintiff's impairments and in his determination of whether Plaintiff's impairments meet the Listings, the ALJ did not explain or even mention Listing 1.04(A). There is no analysis of this Listing and no further explanation as to why Plaintiff's

impairments do not meet that Listing. Based upon the record before the Court, and as outlined above, that determination is not supported by substantial evidence. Indeed, the record likely demonstrates Plaintiff's impairments meet the requirements of Listing 1.04(A).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure ato file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 23rd day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE